IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONNA M. SLADE,

       Plaintiff,                    No. CIV 2:11-cv-1180-MCE-JFM

   vs.

CALIFORNIA PUBLIC EMPLOYEES'
RETIREMENT SERVICE,

       Defendant.               FINDINGS & RECOMMENDATIONS

_____/

       Plaintiff is proceeding in this action pro se.  On June 20, 2011, plaintiff filed a motion for default judgment.  Plaintiff contends defendant failed to file a timely answer to the May 3, 2011 complaint.

       Federal Rules of Civil Procedure 55 governs the entry of default by the clerk and the subsequent entry of default judgment by either the clerk or the district court.  In pertinent part, Rule 55 provides:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b) Entering a Default Judgment.
>
>     (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request,

1

>with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
>(2) By the Court. In all other cases, the party must apply to the court for a default judgment ....

The Ninth Circuit Court of Appeals has stated that Rule 55 requires a "two-step process," consisting of: (1) seeking the clerk's entry of default, and (2) filing a motion for entry of default judgment. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir .1986) ("Eitel apparently fails to understand the two-step process required by Rule 55."); Symantec Corp. v. Global Impact, Inc., 559 F.3d 922, 923 (9th Cir. 2009) (noting "the two-step process of 'Entering a Default' and 'Entering a Default Judgment' ").

In light of the requirement to obtain entry of default before seeking default judgment, courts deny motions for default judgment where default has not been previously entered. See, e.g., Marty v. Green, No. 2:10-cv-1823-KJM-KJN, 2011 WL 320303, at *3 (E.D. Cal. Jan. 28, 2011) ("Plaintiff's motion for default judgment is denied because plaintiff did not follow the procedural steps required to properly file a motion for default judgment. Specifically, plaintiff failed to seek a clerk's entry of default from the Clerk of Court prior to filing his motion for default judgment."); Norman v. Small, No. 09-cv-2233-WQH-NLS, 2010 WL 5173683, at *2 (S.D. Cal. Dec. 14, 2010) (denying plaintiff's motion for default judgment because "the clerk has not entered default"); Bach v. Mason, 1901 F.R.D. 567, 574 (D. Idaho 1999) ("Plaintiffs have improperly asked this court to enter a default judgment without first obtaining an entry of default by the clerk. Since plaintiffs' motion for entry of default judgment is improper, it is denied.").

In this case, plaintiff has not sought entry of default against defendant, and the Clerk of Court has not entered default against the defendant in this case. Therefore, plaintiff has not complied with the requirements of Rule 55. Without first obtaining an entry of default against the defendant, plaintiff's motion for default judgment is improperly before this court. See Bach, 190 F.R.D. at 574.

1  Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for
2  default judgment be denied.
3  These findings and recommendations are submitted to the United States District
4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
5  days after being served with these findings and recommendations, any party may file written
6  objections with the court and serve a copy on all parties.  Such a document should be captioned
7  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised
8  that failure to file objections within the specified time may waive the right to appeal the District
9  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
10 DATED: June 30, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

/014;slad1180.mdj