IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONNA M. SLADE,

      Plaintiff,                                No. CIV 2:11-CV-1180-MCE-GGH PS

      vs.

CALIFORNIA PUBLIC EMPLOYEES'
RETIREMENT SERVICE,

      Defendant.                            FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is proceeding pro se in this action previously assigned to Judge Moulds. Pending before the court is defendant California Public Employees' Retirement System's ("CALPERS") motion to dismiss, filed June 8, 2011. Plaintiff opposes the motion as untimely and for defendant's failure to serve her.[1] At the July 28, 2011 scheduled hearing on the motion to dismiss, at which both parties appeared, Judge Moulds recused himself from the case. The merits of the motion were not argued at that hearing; however, Judge Moulds informed the parties that the matter would be scheduled for hearing on a future date after the case was reassigned to another magistrate judge. Upon review of the motion and the documents in support and opposition, the undersigned has determined that the matter is suitable for decision without

---

[1] Plaintiff filed an untimely supplemental opposition on August 4, 2011, which has not been considered.

1

1  oral argument. Accordingly, the court makes the following findings and recommendations.

2  BACKGROUND

3  From 1981 through 1986, plaintiff was employed in an unspecified position at
4  Agnews State Hospital ("ASH"). In 1986, plaintiff resigned from ASH due to a work-related
5  injury. In 2008, plaintiff sought a refund of her retirement contributions. Plaintiff's request for a
6  refund was denied on the ground that she received it in 1986. (Compl. at 2.)

7  On July 9, 2008, plaintiff filed a claim with the California Victim Compensation
8  and Government Claims Board. The claim was summarily rejected / denied on the basis that it
9  was untimely, violating applicable statutes of limitations and claim filing requirements. (Def.'s
10 Mot. at 3.)

11 On May 3, 2011, plaintiff filed suit in this court against CALPERS for declaratory
12 relief, breach of contract, breach of fiduciary duty, trespass, misrepresentation and violations of
13 Title I and II of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et*
14 *seq*. Plaintiff seeks damages in the amount of "$366.1 Quadrillion Dollars."

15 LEGAL STANDARD FOR MOTION TO DISMISS- SUBJECT MATTER JURISDICTION

16 On a Rule12(b)(1) motion to dismiss for lack of subject matter jurisdiction,
17 plaintiff bears the burden of proof that jurisdiction exists. See, e.g., Sopcak v. Northern
18 Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995); Thornhill Pub. Co. v. General Tel.
19 & Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979). Different standards apply to a 12(b)(1)
20 motion, depending on the manner in which it is made. See, e.g., Crisp v. U.S., 966 F. Supp. 970,
21 971-72 (E.D. Cal. 1997).

22 First, if the motion attacks the complaint on its face, often referred to as a "facial
23 attack," the court considers the complaint's allegations to be true, and plaintiff enjoys
24 "safeguards akin to those applied when a Rule 12(b)(6) motion is made." Doe v. Schachter, 804
25 F. Supp. 53, 56 (N.D. Cal. 1992). Presuming its factual allegations to be true, the complaint
26 must demonstrate that the court has either diversity jurisdiction or federal question jurisdiction.

For diversity jurisdiction pursuant to 28 U.S.C. § 1332, plaintiff and defendants must be residents of different states.  For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2, or (3) be authorized by a jurisdiction statute.  Baker v. Carr, 369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

Second, if the motion makes a "factual attack" on subject matter jurisdiction, often referred to as a "speaking motion," the court does not presume the factual allegations of the complaint to be true.  Thornhill, 594 F.2d at 733.  In a factual attack, defendant challenges the truth of the jurisdictional facts underlying the complaint.  "Faced with a factual attack on subject matter jurisdiction, the trial court may proceed as it never could under Rule 12(b)(6). . . . No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  Id. (quotations and citation omitted).  The court may hear evidence such as declarations or testimony to resolve factual disputes.  Id.; McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).[2]

DISCUSSION

Defendant seeks dismissal of plaintiff's complaint on the grounds that the court lacks jurisdiction over plaintiff's complaint and the complaint is untimely.

In her opposition, plaintiff argues only that defendant's motion should be denied because it is untimely and because she was not served properly.  The docket in this case reflects that defendant was served with process on May 18, 2011.  Pursuant to Federal Rule of Civil Procedure 12(a), a response was due twenty-one days thereafter (that is, on or before June 8,

---

[2] If the jurisdictional issue is intertwined with the merits of the case, the trial court cannot determine the jurisdictional issue until such facts are appropriately resolved.  See Roberts v. Corrothers, 812 F.2d 1173, 1177-78 (9th Cir.1987); see also Trentacosta v. Frontier Pac. Aircraft Indus., 8l3 F.2d 1553, 1558 (9th Cir. 1987) (summary judgment standard applied if motion determines facts where jurisdictional issue and merits are intertwined).

2011).  Defendant filed the instant motion to dismiss on June 8, 2011.  Accordingly, plaintiff's contention that the motion to dismiss is untimely is without merit.

Plaintiff also argues that she was not properly served with the motion.  The court finds merit in this claim.  The certificate of service attached to defendant's motion to dismiss demonstrates that service was accomplished merely by filing the motion with the court through its CM/ECF system.  (Dkt. no. 7, attach. 1.)  This, however, is an improper manner by which to serve a pro se plaintiff.  See Local Rule 135(b).  Therefore, defendant's motion to dismiss should be denied on this basis.

Nonetheless, the court sua sponte recommends dismissal of plaintiff's complaint for lack of jurisdiction.  See Franklin v. State of Oregon, State Welfare Division, 662 F.2d 1337, 1342 (9th Cir. 1981).  The sole federal claim before the court is plaintiff's ERISA cause of action.  ERISA was designed to protect working men and women from abuses in the administration and investment of private retirement plan and employee welfare plans.  By its own terms, ERISA does not apply to government plans.  See 29 U.S.C. § 1003(b)(1) (ERISA "shall not apply to any employee benefit plan if--(1) such plan is a governmental plan. . .").  "The term 'governmental plan' means a plan established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing."  29 U.S.C. § 1002(32).  Defendant CALPERS is expressly exempted from ERISA.  See Vierria v. California Highway Patrol, 644 F. Supp. 2d 1219, 1235 (E.D. Cal. 2009) ("ERISA specifically excludes government plans such as CALPERS from its provisions").  Accordingly, plaintiff's ERISA claim should be dismissed with prejudice.

As there are no federal claims remaining, this court declines to exercise supplemental jurisdiction over plaintiff's possible state law claims.  See 28 U.S.C. § 1367(c)(3) (The district courts may decline to exercise supplemental jurisdiction over a claim . . . if – the district court has dismissed all claims over which it has original jurisdiction"); see also, Acri v.

Varian Associates, Inc., 114 F.3d 999, 1000-1001 (9th Cir. 1997) ("'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims'"), quoting Carnegie-Mellon University. v. Cohill, 484 U.S. 343, 350, n. 7, 108 S. Ct. 614, 619, n. 7 (1988).

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss, filed June 8, 2011, be denied;

2. Plaintiff's ERISA claim be dismissed with prejudice; and

3. The court decline to exercise jurisdiction over plaintiff's state law claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 19, 2011

   /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Slade1180.mrd.wpd